UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MANDI DEVINS,<br>    Plaintiff<br><br>    v.<br><br>CLINTON COUNTY SHERIFF'S<br>OFFICE and TRAVIS DUNHAM,<br>    Defendants. | Civil Action No.  8: 23-cv-0603 (GTS/CFH) |

## COMPLAINT

NOW COMES the Plaintiff MANDI DEVINS, by and through her counsel Robert J. Kaplan, Esq. and Stephanie M. Greenlees, Esq. of KAPLAN AND KAPLAN, and hereby states the following complaint against the Defendants CLINTON COUNTY SHERIFF'S OFFICE and TRAVIS DUNHAM.

## NATURE OF THE CASE

1. Plaintiff Mandi Devins brings this action against Defendant Clinton County Sheriff's Office pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq*. ("Title VII") and the New York State Human Rights Law, N.Y. Exec. §296 *et seq*. ("NYSHRL") and Clinton County Sheriff's Office employee Travis Dunham for damages she suffered during her employment for the Clinton County Sheriff's Office and as a direct and proximate result of continuous and unremedied workplace discrimination based on her sex, workplace sexual harassment, retaliation for engaging in protected activities, a hostile work environment based on sexual harassment and her gender, and constructive discharge from her position at the Clinton County Sheriff's Office.



KAPLAN AND KAPLAN
ATTORNEYS AT LAW

PARK PLAZA - SUITE 405
95 ST. PAUL STREET
BURLINGTON, VT 05402
(802) 651-0013

1

## PARTIES

2. Plaintiff Mandi Devins (or "Ms. Devins") is a resident of the Clinton County, State of New York and has been so for more than six months prior to the commencement of this action.

3. Defendant Clinton County Sheriff's Office (or "the Sheriff's Office") is a department of Clinton County in the State of New York and located at 25 McCarthy Drive, Plattsburgh, New York 12901. The Sheriff's Office operates Clinton County Jail, a men's and women's correctional facility located at 25 McCarthy Drive, Plattsburgh, New York 12901.

4. Upon information and belief, Defendant Travis Dunham is a resident of Clinton County in the State of New York and, at all times relevant to this action, was employed by the Clinton County Sheriff's Department as a corrections officer at Clinton County Jail.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this action pursuant to 42 U.S.C. §2000e, 28 U.S.C. §1331, and 28 U.S.C. §1367.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391 because Defendant Clinton County Sheriff's Office does business in the State of New York and Defendant Travis Dunham is a resident of Clinton County, New York.

## PROCEDURAL REQUIREMENTS

7. Prior to the commencement of this action, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about February 8, 2022 (Charge No. 525-2022-01024) and received a Notice of Right to Sue letter from the EEOC on or about February 23, 2023.



KAPLAN AND KAPLAN
ATTORNEYS AT LAW

PARK PLAZA - SUITE 405
95 ST. PAUL STREET
BURLINGTON, VT 05402
(802) 651-0013

## FACTUAL ALLEGATIONS

8. Ms. Devins was employed by the Clinton County Sheriff's Department as a correction officer ("CO") at Clinton County Jail (or "the Jail") from on or about January 11, 2018 to on or about June 25, 2021.

9. Throughout Ms. Devins's employment at the Jail, she and other female employees were subjected to continuous and unremedied workplace sexual harassment, disparate treatment based on her gender, policies and practices that discriminated female employees based on their sex, and a hostile and abusive work environment at Clinton County Jail that was permeated with discriminatory ridicule, intimidation and insult toward females.

10. The Sheriff's Office, through its supervising officers at the Jail, continuously subjected Ms. Devins and other female COs to discriminatory practices and policies and disparate treatment based on their sex including, but limited to, a practice of assigning male COs to the most desirable assignments at the Jail while assigning female COs, including Ms. Devins, who were not engaged in sexual relations with a Sergeant or the object of a Sergeants sexual interest to the least desirable shift assignments. For example, COs generally considered Pods (inmate housing unit) to be the least desirable assignment at the Jail and, in or around the last year of her employment with the Sheriff's Office, Ms. Devins was assigned to a Pod approximately 55% more than her male counterparts on her shift.

11. The Sheriff's Office placed non-bona fide limitations on the work responsibilities and duties of female COs at the Jail. For example, in or around May 2021, Sheriff's Office Sergeant Christopher Thompson, Ms. Devins, another female CO and two male COs were escorting a combative and aggressively behaving inmate through the Jail and Sergeant Thompson ordered Ms. Devins and the other female CO to leave because he "ha[d] the guys



KAPLAN AND KAPLAN
ATTORNEYS AT LAW

PARK PLAZA - SUITE 405
95 ST. PAUL STREET
BURLINGTON, VT 05402
(802) 651-0013

3

[t]here". When confronted about why he relieved Ms. Devins and the other female CO from their job duties during this instance, Sergeant Thompson advised he did not want them to get "hurt".

12. From in or around March 2018 and continuously until in or around March 2021, CO Corey Brean, an employee of the Clinton County Sheriff's Office, routinely and frequently sexually harassed Ms. Devins and engaged in unwelcome sexual conduct toward her at work, including propositioning her for sex on a weekly basis, touching his genitals in front of her while asking her for sexual favors (e.g. in January 2021), and trying to touch her person in a sexual manner.

13. Ms. Devins complained to Sergeant Thompson about CO Brean's unwelcome sexual conduct on two occasions in or around 2018 but no remedial action was taken. Several other female employees at Clinton County Jail also complained to supervising officers at the Jail about being sexually harassed by CO Brean but no remedial action was taken.

14. From in or around the Summer of 2018 and continuously until in or around March 2021, Defendant Travis Dunham, an employee of the Clinton County Sheriff's Office and CO at the Jail, routinely and frequently engaged in unwelcome sexual conduct toward Ms. Devins at work including trying to hug her, asking her for sexual favors – most often to perform oral sex on him, and intentionally placing his genital area in very close proximity to her face. For example, in or around January 2021, CO Dunham stepped over Ms. Devins lap while she was seated in the Control room and hovered over her with his legs startling her hips and his genital area directly in front of her face for several seconds.

15. From in or around the Summer of 2018 and continuously until in or around March 2021, CO Travis Dunham frequently engaged in unwelcome sexual contact with Ms. Devins


KAPLAN AND KAPLAN
ATTORNEYS AT LAW
PARK PLAZA - SUITE 405
95 ST. PAUL STREET
BURLINGTON, VT 05402
(802) 651-0013

4

person at work including rubbing and pressing his genital area up against her person. For example, in or around December 2020, Dunham came up from behind Ms. Devins while she was in Medium and pressed her up against a door and held her there while he rubbed his body and genital area up against her person; and, on or about January 17, 2021, CO Dunham approached Ms. Devins from behind in the Control room and pressed his genital area against her and, when she told him to stop and get out, he said "No one is going to believe you if you say something. I'm on the CERT team."

16. Several female employees complained to supervising officers at the Jail about being sexually harassed by CO Dunham throughout Ms. Devins employment with the Sheriff's Office. Ms. Devins also complained to supervising officers at Clinton County Sheriff's Office about CO Dunham's sexual harassment and unwelcome sexual contact, including telling Sergeant Thompson that he "grinds up against [her]" and makes her "uncomfortable" in or around July 2018 and complaining to Sergeant Harold Bechore about Dunham in or around February 2019. However, no remedial action was taken by the Sheriff's Office and Dunham continued to sexually harass Ms. Devins and other female employees at work.

17. CO Dunham frequently followed female employees at the Jail home from work. He followed Ms. Devins home from work in or around the Summer of 2018 and again in or around the Fall of 2020. Ms. Devins complained to Sheriff's Office Sergeant Shawn Martineau about Dunham following her home after the first time but no remedial action was taken.

18. CO Dunham also frequently made derogatory comments about women and threatening comments raping, shooting and killing women to and in front Ms. Devins and other female COs at work throughout her employment with the Sheriff's Office. For example, in or around the Fall of 2020, CO Dunham told Ms. Devins and a couple other female COs that he has



KAPLAN AND KAPLAN
ATTORNEYS AT LAW

PARK PLAZA - SUITE 405
95 ST. PAUL STREET
BURLINGTON, VT 05402
(802) 651-0013

"tarps, shovels and duct tape" in his truck and would "murder and rape the bitches" at the jail if given the chance and, on a separate instance, he told Ms. Devins and another female CO, "I'm on CERT team and I could rape you guys and nobody would believe you."

19. Ms. Devins was routinely and continuously subject to acts of discriminatory insult and derogatory and obscene jokes and comments of a sexual nature by her supervising officers at work throughout her employment for the Sheriff's Office. For example, in or around the winter of 2018, Sheriff's Office Sergeant Nathan Faubert told Ms. Devins, "I have a lifted truck and you won't be able to fit in it"; Sergeant Faubert routinely made comments about female employees and inmates that he wanted to have sexual relations with and about their buttocks and breasts in front of Ms. Devins and other female employees at work; and, in or around November 2020, in the presence of Ms. Devins, Sergeant Martineau said he wanted "to physically harm" one of the female CO's at the Jail.

20. The Sheriff's Office, individually and through its supervising officers at the Jail, allowed male inmates to repeatedly expose themselves and masturbate at and in front of female COs, including Ms. Devins. In the Fall of 2020, Ms. Devins wrote an inmate up for exposing himself and masturbating in front in her and, rather than take disciplinary action against the inmate, Sheriff's Office Sergeant Nicholas Threlkeld and Sergeant Faubert ridiculed her for writing the inmate up and made statements undermining her credibility and decision to write the inmate up in front of her co-workers.

21. In or around March of 2021, several female COs submitted workplace discrimination and harassment complaints to the Clinton County Department of Personnel and COs Dunham and Brean and Sergeants Faubert, Martineau and Threlkeld were named as perpetrators in some or all of those complaints. Ms. Devins cooperated in the Department of



KAPLAN AND KAPLAN
ATTORNEYS AT LAW

PARK PLAZA - SUITE 405
95 ST. PAUL STREET
BURLINGTON, VT 05402
(802) 651-0013

6

Personnel's investigation into the complaints and was interviewed by the Department of Personnel on or about March 19, 2021, during which she shared information about workplace discrimination and sexual harassment that she and other female employees have been subjected to at Clinton County Jail. Upon completing its investigation, the Department of Personnel concluded violations of the <u>Clinton County Non-Discrimination, Anti-Harassment and Sexual Harassment Prevention Policy</u> took place which "had the purpose and effect of unreasonable interfering with a person's work performance or creating an intimidating, hostile or offensive working environment". Upon information and belief, the Sheriff's Office suspended Sergeant Faubert and CO Dunham for approximately one month.

22. Following the submissions of the above-alleged sexual harassment and discrimination complaints and Ms. Devins' cooperation in the Department of Personnel's related investigation and for the remainder of Ms. Devins' employment at the Sheriff's Office, she and female CO-complainants and cooperators were retaliated against and subject to threats, increased acts of discrimination and harassment, selective discipline and adverse employment changes by supervising officers at Clinton County Jail, and an increasingly hostile and abusive work environment toward female employees. Examples thereof include, but are not limited to, as set forth below.

    a) On or about April 23, 2021, the day before Sergeant Faubert and CO Dunham were set to return from suspension, Undersheriff Robert Craig of the Clinton County Sheriff's Office made an announcement during shift briefing to all the COs on duty, including Ms. Devins and female COs who made complaints to the Department of Personnel the month prior, in which Undersheriff Craig advised that Sergeant Faubert and CO Dunham "were found guilty", explicitly



KAPLAN AND KAPLAN
ATTORNEYS AT LAW

PARK PLAZA - SUITE 405
95 ST. PAUL STREET
BURLINGTON, VT 05402
(802) 651-0013

discouraged COs from making complaints about workplace sexual harassment and discrimination to the Clinton County Department of Personnel, and threatened to terminate any COs who spoke about the Department of Personnel's investigation into the sexual harassment and discrimination complaints.

b) On or about April 26, 2021, the supervising officers at the Jail knowingly disregarded a female CO's report that several male inmates in A-Pod made threatening statements to her (e.g. "If Dunham and Faubert can get away with grabbing you, why can't we"; "They don't have to listen so we don't need to"; "Let's see what we can get away with"). On or about April 27, 2021, the same A-pod inmates repeated those threatening statements to Ms. Devins and another female CO and, on or about April 30, 2021, an inmate in A-Pod grabbed a female CO and tackled her to the ground.

c) CO Dunham engaged in multiple acts designed to get Ms. Devins and other female CO complainants and cooperators disciplined and refused to cooperate with Ms. Devins on work-related matters. For example, on or about April 26, 2021, Dunham refused to answer Ms. Devins' work-related inquiry and, in or around the beginning of May 2021, CO Dunham was Rover and relieving Ms. Devins from her assigned Pod for a break and he refused to take the jail keys from her in violation of Jail key control procedure. Ms. Devins reported CO Dunham's hostile and uncooperative conduct to Sergeants Martineau and Thompson but no remedial action was taken.


KAPLAN AND KAPLAN
ATTORNEYS AT LAW

PARK PLAZA - SUITE 405
95 ST. PAUL STREET
BURLINGTON, VT 05402
(802) 651-0013

d) Sergeant Threlkeld acted with constant hostility toward Ms. Devins and other female CO complainants and cooperator; refused to speak with Ms. Devins at work and about work-related matters (e.g. in April 2021, Ms. Devins asked Threlkeld for the Jail keys and, without looking at her or say anything, he threw the Jail keys at her); made statements to COs that the sexual harassment and discrimination complaints were "bullshit"; assigned Ms. Devins to the same pod on consecutive shifts, which was against Jail policy and generally done by Sergeants as a form of punishment, in or around the end of March 2021; and assigned Ms. Devins to a Pod (generally considered the worst assignment at the Jail) on 100% of her shifts that he was OIC Sergeant between March 19, 2021 and June 25, 2021.

e) Sergeant Faubert assigned Ms. Devins to a Pod on approximately 75% of her shifts that he was OIC Sergeant between April 2021 and June 25, 2021 and to a housing unit on approximately 86% that he was her OIC Sergeant in that same time period.

f) On or about May 27, 2021, Ms. Devins was interrogated by Clinton County Sheriff's Office Deputy Todd during her shift about a work-related matter which she had no involvement in and that concerned one of the female COs who had made a sexual harassment and discrimination complaint to the Clinton County Department of Personnel in March 2021. During the interrogation, Ms. Devins was baselessly accused of lying, threatened with criminal charges, and treated with overt hostility and intimidation.



KAPLAN AND KAPLAN
ATTORNEYS AT LAW

PARK PLAZA - SUITE 405
95 ST. PAUL STREET
BURLINGTON, VT 05402
(802) 651-0013

g) On or about June 17, 2021, Ms. Devins was disciplined on orders by Sheriff's Office Captain Joel Desso for an error relating to her sick leave. Many similarly situated male COs who had committed the same or a sufficiently similar error in the past but were never disciplined.

23. Ms. Devins was scared for her safety at work and could no longer withstand the retaliation, hostility, threats, intimidation, harassment and discrimination and intolerable working conditions that she and other female COs were being subjected to at the Jail. She felt compelled to resign from her position at Clinton County Sheriff's Office, submitted her two-weeks notice to Undersheriff Craig on or about June 11, 2021, and had her last day of work at the Jail on June 25, 2021.

### COUNT I: HOSTILE WORK ENVIRONMENT BASED ON GENDER AND SEXUAL HARASSMENT IN VIOLATION OF TITLE VII AND NYSHRL

24. Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 23 above as if set forth fully herein.

25. At all times relevant, Defendant Clinton County Sheriff's Office had a duty to maintain a work environment free from sexual harassment, discrimination based on sex, and hostility toward Ms. Devins and other female employees based on their gender.

26. Throughout Ms. Devins' employment with the Sheriff's Office, she was subjected to less favorable treatment than similarly situated male COs, practices and policies that discriminated against her on the basis of her sex, derogatory and offensive sexual comments and jokes by male supervising officers and co-workers, male inmates who were permitted to masturbate at and in front of her, and a work environment permeated with overt gender hostility, harassment, intimidation, ridicule and insult toward her and other female employees.

27. Between in and around March 2018 to March 2021, Ms. Devins was routinely and



KAPLAN AND KAPLAN
ATTORNEYS AT LAW

PARK PLAZA - SUITE 405
95 ST. PAUL STREET
BURLINGTON, VT 05402
(802) 651-0013

10

continuously sexually harassed at work by Clinton County Sheriff's Office corrections officer, Cory Brean.

28. Between in and around the Summer of 2018 to March 2021, Ms. Devins was routinely and continuously sexually harassed and subjected to unwanted sexual touching, battery and assault at work by Clinton County Sheriff's Office employee corrections officer, Travis Dunham.

29. The sexual harassment, battery and assault, discrimination and discriminatory hostile work environment Ms. Devins was subjected to during her employment at Clinton County Jail was pervasive, motivated by her sex, unreasonably altered the conditions of her employment at the Jail, and created an abusive and intolerable work environment for her and other female employees.

30. At all relevant times, the Sheriff's Office knew and/or should have known of the pervasive sexual harassment and sexual misconduct Ms. Devins and other female employees at the Jail were subjected to by supervising officers, COs Dunham and Brean, and male inmates, but failed to take appropriate remedial action and allowed the sexual harassment to persist.

31. At all relevant times, the Sheriff's Office knew of the discriminatory hostile work environment toward female employees at Clinton County Jail but failed to take any appropriate remedial action and allowed it to persist.

32. Defendant breached its duty and violated Title VII and NYSHRL by failing to take appropriate remedial action and allowing a hostile work environment based on gender and sexual harassment to exist at Clinton County Jail.

33. As a direct and proximate result of the Sheriff's Office unlawful conduct, Ms. Devins suffered damages including, but not limited to, fear for her safety at work, emotional



KAPLAN AND KAPLAN
ATTORNEYS AT LAW

PARK PLAZA - SUITE 405
95 ST. PAUL STREET
BURLINGTON, VT 05402
(802) 651-0013

distress, worry, humiliation, damage to her reputation, constructive discharge from her position with the Sheriff's Office, and past and future lost earnings and employee benefits.

## COUNT II: RETALIATION IN VIOLATION OF TITLE VII AND NYSHRL

34. Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 33 above as if set forth fully herein.

35. On or about March 19, 2021, Ms. Devins was interviewed by the Department of Personnel in connection with its investigation into the sexual harassment and discrimination complaints made by female COs at Clinton County Jail in or around March 2021, during which Ms. Devins shared information about workplace discrimination and sexual harassment she and other female employees at the Jail have been subjected to. Ms. Devins' cooperation in the Department of Personnel's investigation constitutes a protected activity pursuant to Title VII.

36. At all times relevant, the Sheriff's Office was aware of Ms. Devins' cooperation in the Clinton County Department of Personnel's investigation into the sexual harassment and discrimination complaints.

37. Following, and because of, Ms. Devins' cooperation in the Department of Personnel's investigation into the sexual harassment and discrimination complaints, the Sheriff's Officer, by and through its male supervising officers and employees, retaliated against Ms. Devins in taking various adverse employment actions against her including, but not limited to, as set forth in this Complaint and as follows.

   a) On or about April 23, 2021, the day before Sergeant Faubert and CO Dunham were set to return from suspension, Undersheriff Robert Craig of the Clinton County Sheriff's Office made an announcement during shift briefing to all the COs on duty, including Ms. Devins and female COs who made complaints to



KAPLAN AND KAPLAN
ATTORNEYS AT LAW

PARK PLAZA - SUITE 405
95 ST. PAUL STREET
BURLINGTON, VT 05402
(802) 651-0013

the Department of Personnel the month prior, in which Undersheriff Craig advised that Sergeant Faubert and CO Dunham "were found guilty", explicitly discouraged COs from making complaints about workplace sexual harassment and discrimination to the Clinton County Department of Personnel, and threatened to terminate any COs who spoke about the Department of Personnel's investigation into the sexual harassment and discrimination complaints.

b) On or about April 26, 2021, the supervising officers at the Jail knowingly disregarded a female CO's report that several male inmates in A-Pod made threatening statements to her (e.g. "If Dunham and Faubert can get away with grabbing you, why can't we"; "They don't have to listen so we don't need to"; "Let's see what we can get away with"). On or about April 27, 2021, the same A-pod inmates repeated those threatening statements to Ms. Devins and another female CO and, on or about April 30, 2021, an inmate in A-Pod grabbed a female CO and tackled her to the ground.

c) CO Dunham, a subject of at least two of the sexual harassment and discrimination complaints made to the Department of Personnel, engaged in multiple acts designed to get Ms. Devins and other female CO complainants and cooperators disciplined and refused to cooperate with Ms. Devins on work-related matters. For example, on or about April 26, 2021, Dunham refused to answer Ms. Devins' work-related inquiry and, in or around the beginning of May 2021, CO Dunham was Rover and relieving Ms. Devins from her assigned Pod for a break and he refused to take the jail keys from her



KAPLAN AND KAPLAN
ATTORNEYS AT LAW

PARK PLAZA - SUITE 405
95 ST. PAUL STREET
BURLINGTON, VT 05402
(802) 651-0013

in violation key control procedure. Ms. Devins reported CO Dunham's hostile and uncooperative conduct to Sergeants Martineau and Thompson but no remedial action was taken.

d) Sergeant Threlkeld, a subject of at least one of the sexual harassment and discrimination complaints made to the Department of Personnel, acted with constant hostility toward Ms. Devins and other female CO complainants and cooperator; refused to speak with Ms. Devins at work and about work-related matters (e.g. in April 2021, Ms. Devins asked Threlkeld for the Jail keys and, without looking at her or say anything, he threw the Jail keys at her); made statements to COs that the sexual harassment and discrimination complaints were "bullshit"; assigned Ms. Devins to the same pod on consecutive shifts, which was against Jail policy and generally done by Sergeants as a form of punishment, in or around the end of March 2021; and assigned Ms. Devins to a Pod (generally considered the worst assignment at the Jail) on 100% of her shifts that he was OIC Sergeant between March 19, 2021 and June 25, 2021.

e) Sergeant Faubert, a subject of at least two of the sexual harassment and discrimination complaints made to the Department of Personnel, assigned Ms. Devins to a Pod on approximately 75% of her shifts that he was OIC Sergeant between April 2021 and June 25, 2021 and to a housing unit on approximately 86% that he was her OIC Sergeant in that same time period.

f) On or about May 27, 2021, Ms. Devins was interrogated by Clinton County Sheriff's Office Deputy Todd during her shift about a work-related matter which she had no involvement in and that concerned one of the female COs



KAPLAN AND KAPLAN
ATTORNEYS AT LAW

PARK PLAZA - SUITE 405
95 ST. PAUL STREET
BURLINGTON, VT 05402
(802) 651-0013

who had made a sexual harassment and discrimination complaint to the Clinton County Department of Personnel in March 2021. During the interrogation, Ms. Devins was baselessly accused of lying, threatened with criminal charges, and treated with overt hostility and intimidation.

g) On or about June 17, 2021, Ms. Devins was disciplined on orders by Sheriff's Office Captain Joel Desso for an error relating to her sick leave. Many similarly situated male COs who had committed the same or a sufficiently similar error in the past but were never disciplined.

h) And other acts of retaliation to be determined through discovery in this action.

38. The above-alleged adverse employment actions taken by the Sheriff's Office's, individually and through its supervising officers, against Ms. Devins were in retaliation for her cooperation in the Department of Personnel's investigation into the sexual harassment and discrimination complaints, would have dissuaded a reasonable worker from making or supporting a complaint of discrimination, and constitute violations of Title VII and NYSHRL.

39. As a direct and proximate result of the Clinton County Sheriff's Office unlawful conduct, Ms. Devins suffered damages including, but not limited to, fear for her safety at work, emotional distress, worry, humiliation, damage to her reputation, constructive discharge from her position with the Sheriff's Office, and past and future lost earnings and employee benefits.

### COUNT III: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII AND NYSHRL

40. Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 39 above as if set forth fully herein.

41. Ms. Devins, as a woman, is a member of protected class and, at all times relevant, was qualified for the position she held with the Sheriff's Office at Clinton County Jail.



KAPLAN AND KAPLAN
ATTORNEYS AT LAW

PARK PLAZA - SUITE 405
95 ST. PAUL STREET
BURLINGTON, VT 05402
(802) 651-0013

15

42. The Sheriff's Office was, at all times, prohibited from discriminating against any employee, including Ms. Devins, on the basis of sex pursuant to Title VII and NYSHRL.

43. The Sheriff's Office, individually and through its supervising officers, violated Title VII and NYSHRL by subjecting Ms. Devins to adverse employment actions on the basis of her gender including, but not limited to, as set forth in this <u>Complaint</u> and as follows:

    a) Continuous and non-bona fide policies and practices that limited Ms. Devins and other female COs work responsibilities and shift assignments on the basis of gender;

    b) Selective discipline on the basis of her gender;

    c) Continuous, unremedied workplace sexual harassment and sexual misconduct;

    d) A continuous and intentionally hostile and intolerable work environment based on gender and sexual harassment;

    e) Retaliation for engaging in a protected activity;

    f) Constructive discharge as a result of a discriminatory hostile and intolerable work environment; and

    g) Other acts of discrimination to be determined through discovery in this action.

44. As a direct and proximate result of the Sheriff's Office unlawful discrimination, Ms. Devins suffered damages including, but not limited to, fear for her safety at work, emotional distress, worry, humiliation, damage to her reputation, constructive discharge from her position with the Sheriff's Office, and past and future lost earnings and employee benefits.

## COUNT IV: CONSTRUCTIVE DISCHARGE IN VIOLATION OF TITLE VII AND NYSHRL

45. Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 44 above as if set forth fully herein.



KAPLAN AND KAPLAN
ATTORNEYS AT LAW

PARK PLAZA - SUITE 405
95 ST. PAUL STREET
BURLINGTON, VT 05402
(802) 651-0013

46. Throughout Ms. Devins' employment with the Sheriff's Office, she was subjected to less favorable treatment than similarly situated male COs and to policies and practices that discriminated against her and other female employees based on their sex; unremedied sexual harassment by male co-workers, supervising officers and inmates; unremedied assault and battery by CO Dunham; and an intentionally intolerable work environment permeated with overt gender hostility, harassment, intimidation, ridicule and insult toward her and other female employees.

47. Between in or around March 2021 through in or around June 25, 2021, the Sheriff's Office, individually and through its supervising officers and employees, subjected Ms. Devins to repeated adverse employment actions and acts of hostility in retaliation for her cooperation in the Clinton County Department of Personnel's investigation into the sexual harassment and discrimination complaints made by female COs at Clinton County Jail in or around March 2021.

48. Ms. Devins could no longer withstand the retaliation, overt gender hostility toward she and other female employees, sexual harassment and intolerable and abusive working conditions at Clinton County Jail and felt compelled to resign from her position with the Sheriff's Office and did so on or about June 25, 2021.

49. The discriminatory hostile and intolerable working environment at the Jail was intentionally created by and/or condoned by the Sheriff's Office and was so intolerable that a reasonable person in Ms. Devins' position would have felt compelled to resign.

50. As a direct and proximate result of Ms. Devins' unlawful constructive discharge from her position at the Sheriff's Office, she has suffered damages including, but not limited to, loss of her job, emotional distress, worry, humiliation, damage to her reputation, and past and



KAPLAN AND KAPLAN
ATTORNEYS AT LAW

PARK PLAZA - SUITE 405
95 ST. PAUL STREET
BURLINGTON, VT 05402
(802) 651-0013

future lost earnings and employee benefits.

### COUNT V: ASSAULT AND BATTERY AS AGAINST TRAVIS DUNHAM

51. Plaintiff incorporates by reference and re-alleges Paragraphs 1 through 50 above as if set forth fully herein.

52. From in or around March 2018 and continuously until in or around March 2021, Travis Dunham, an employee of the Clinton County Sheriff's Office engaged in unwelcome and unconsented to sexual contact with Ms. Devins person at work, including by frequently and regularly rubbing his genital area up against her person. For example, in or around December 2020, when Dunham came up from behind Ms. Devins while she was standing in Medium and pressed her against a door and held her there while he rubbed his body and genital area up against her person; in or around January 2021, CO Dunham stepped over Ms. Devins lap while she was seated in the Control room and hovered over her with his legs startling her hips and his genital area directly in front of her face for several seconds; and, on or about January 17, 2021, CO Dunham approached Ms. Devins from behind in the Control room and pressed his genital area against her person and, upon her telling him to stop and get out, told her "No one is going to believe you if you say something. I'm on the CERT team."

53. CO Dunham's sexual contact with Ms. Devins person was unwelcome, offensive and done with the intention of bringing about offensive contact and creating an apprehension of harmful and/or offensive contact in Ms. Devins.

54. As a direct and proximate result of CO Dunham's unwelcome sexual contact, Ms. Devins experienced fear for her safety, emotional distress and interference with her work performance.



KAPLAN AND KAPLAN
ATTORNEYS AT LAW

PARK PLAZA - SUITE 405
95 ST. PAUL STREET
BURLINGTON, VT 05402
(802) 651-0013

WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment against Defendants and issue an order awarding Plaintiff the following relief:

a) Compensatory damages;

b) Economic Losses;

c) Pre and post-judgement interest;

d) Plaintiff's attorney fees and costs; and

e) Such other relief that the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

DATED at Burlington, Vermont this 18th day of May, 2023.

Respectfully Submitted By,

MANDI DEVINS
By Counsel

KAPLAN AND KAPLAN

_____
Stephanie M. Greenlees, Esq.
Attorney for Plaintiff
95 St. Paul Street, Suite 405
Burlington, Vermont 05401
(802) 651-0013
sgreenlees@kaplanlawvt.com

KAPLAN AND KAPLAN

/s/ Robert J. Kaplan
Robert J. Kaplan, Esq.
Attorney for Plaintiff
95 St. Paul Street, Suite 405
Burlington, Vermont 05401
(802) 651-0013
rkaplan@kaplanlawvt.com



KAPLAN AND KAPLAN
ATTORNEYS AT LAW

PARK PLAZA - SUITE 405
95 ST. PAUL STREET
BURLINGTON, VT 05402
(802) 651-0013